

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| CARNIE NORRIS,<br>　　　　Petitioner, | §<br>§<br>§ CIVIL ACTION NO. 8:21-3353-MGL-JDA<br>§ |
| CHARLES WILLIAMS, *Warden*,<br>　　　　Respondent. | §<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
TO THE EXTENT IT DOES NOT CONTRADICT THIS ORDER
AND REQUIRING RESPONDENT TO FILE AN ANSWER
TO PETITIONER'S SECTION 2254 PETITION**

Petitioner Carnie Norris (Norris) filed this 28 U.S.C. § 2254 petition against Respondent Charles William (Williams), Warden. Norris is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Norris's petition be dismissed without prejudice based on his failure to exhaust his state remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 18, 2021, and the Clerk of Court entered Norris's objections to the Report on November 3, 2021.

A jury in the Spartanburg County Court of General Sessions convicted Norris for the crime of armed robbery, for which he was sentenced on July 9, 2009, to a term of imprisonment of twenty-eight years. He then filed an appeal, which the South Carolina Court of Appeals denied on April 18, 2012. He subsequently filed a state petition for post-conviction relief (PCR).

On September 6, 2017, state Judge Roger L. Couch entered an order granting Norris's PCR, vacating his conviction, and remanding the case for a new trial. Thereafter, on September 25, 2017, the State filed a motion to alter or amend the judgment of the PCR court. Judge Couch denied that motion, however, on February 15, 2019. Then, on March 1, 2019, the State filed a notice of appeal with the South Carolina Supreme Court.

On February 18, 2020, the Supreme Court transferred the case to the Court of Appeals. https://ctrack.sccourts.org/public/caseView.do?csIID=69375 (last accessed on August 29, 2022). Then, on August 19, 2022, the Court of Appeals granted the State's writ of certiorari. *Id*. The case remains pending with that court. *Id*.

Although a federal court may issue a writ of habeas corpus "[on] behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2254(a), exhaustion of state court remedies is usually required by 28 U.S.C. § 2254(b)(1)(A). According to that statute, as a general rule, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." *Id*. An exception to this general rule occurs, however, when "there is either an absence of available state corrective process or the

2

existence of circumstances rendering such process ineffective to protect the rights of the prisoner[,]" 28 U.S.C. § 2254(b).

The Magistrate Judge suggests the Court dismiss Norris's petition on the ground that he has failed to exhaust his state remedies inasmuch as the appeal of his PCR is still pending in state court. But, in Norris's objections, he complains that the state court's long delay in considering his appeal has rendered the Section 2254 exhaustion requirement ineffective such that it ought to be excused.

The Fifth Circuit has held that a fifteen-month delay in the state appellate process, *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir.1976) (per curiam), and a one-year delay in the consideration of a state habeas corpus petition, *Breazeale v. Bradley*, 582 F.2d 5 (5th Cir.1978), are sufficient delays to waive the exhaustion requirement.

Other courts of appeals have remanded the question to the district court for an evidentiary hearing on the matter. *See Tramel v. Idaho*, 459 F.2d 57, 58 (10th Cir. 1972) (finding a two-year delay suspect and remanding to the District Court for an evidentiary hearing on the cause of the delay); *Dixon v. Florida*, 388 F.2d 424, 426 (5th Cir. 1968) (finding a nineteen-month delay suspect and remanding to the District Court for an evidentiary hearing to determine whether the delay was justifiable); *Jones v. Crouse*, 360 F.2d 157, 158 (10th Cir. 1966) (ruling that the District Court could not dismiss a Section 2254 petition for failure to exhaust without knowing the facts and circumstances that gave rise to the state court delay, and remanding the case back to the trial court to determine whether the eighteen-month delay in the petitioner's state court proceedings rendered his state court remedies inadequate).

Norris's PCR appeal has been pending in state court a few days shy of three years and a half. Therefore, although the Magistrate Judge is correct that Norris has failed to exhaust his administrative remedies, which ordinarily would lead to dismissal of the petition, with the persuasive

3

precedent above in mind, the Court is of the strong opinion that the most judicious route to take here is to require Respondent to file a response to Norris's petition. And then, we will go from there. As such, the Court will sustain Norris's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains Norris's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment the Court that the Magistrate Judge shall direct Williams to file a response to Norris's petition. Accordingly, Norris's motion for summary judgment is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 30th day of August, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.