

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| CARNIE NORRIS,         § | |
|     Petitioner,         § | |
|     § | |
| vs.         § | CIVIL ACTION NO.8:21-3353-MGL-JDA |
|     § | |
| CHARLES WILLIAMS, *Warden*,         § | |
|     Respondent.         § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
TO THE EXTENT PROVIDED HEREIN**

Petitioner Carnie Norris (Norris) filed this 28 U.S.C. § 2254 petition against Respondent Charles Williams, Warden (Williams). Norris is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Williams's motion to dismiss, construed as a motion for summary judgment, Norris's motion for an appeal bond, and Norris's motion for summary judgment all be denied without prejudice. The Magistrate Judge further recommends this action be stayed, and that Williams be directed to file periodic updates concerning the appellate proceedings in Norris' state court case. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 27, 2023; and the Clerk of Court entered Norris's objections on August 15, 2023.  The Court has carefully reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

A brief recitation of the factual background of Norris's state court cases, both his criminal and his application for post-conviction relief (PCR), will be helpful in explaining the Court's decision below.

On September 2008, a grand jury indicted Norris for armed robbery.  After a July 6–7, 2009, jury trial, the jury found Norris and his co-defendant guilty.  The trial court judge sentenced Norris to twenty-eight years in state prison.  Norris filed a direct appeal, which the South Carolina Court of Appeals dismissed on April 18, 2012.

Norris filed a pro se application for PCR on November 7, 2012, almost eleven years ago, alleging his trial and appellate counsel had provided ineffective assistance. On September 15, 2014, almost two years later, Judge Roger L. Couch (Couch), the judge presiding over Norris's PCR case, held a hearing on Norris's application.  Couch then asked for additional briefing.

Approximately three years after the hearing, in an September 6, 2017, order, Couch granted Petitioner's PCR application, vacated his conviction, and remanded his charges for a new trial.  The state then filed a motion to alter or amend judgment pursuant to Rule 59(e), dated September 19, 2017. Couch denied the state's motion on February 15, 2019, approximately a year-and-a-half after it was filed.  Thus, Norris's PCR was pending with Couch for around four-and-a-half years.

The state thereafter filed a notice of appeal, dated March 1, 2019, and a petition for a writ of certiorari, dated September 20, 2019. The notice of appeal stayed the PCR court's vacatur of Norris's conviction such that he remains in custody. *See* SCACR Rule 241(a) ("As a general rule, the service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order, judgment, decree or decision on appeal, and to automatically stay the relief ordered in the appealed order, judgment, or decree or decision.").

On August 19, 2022, almost three-and-a-half years after the state filed its appeal, almost three years after the state filed its petition for a writ of certiorari, and approximately five years after Couch granted Norris relief, the Court of Appeals granted certiorari. As of the date of this Order, the state's notice of appeal has been pending for approximately four-and-a-half years.

According to the South Carolina Appellate Case Management System, briefing and the record were complete as of February 28, 2023. https://ctrack.sccourts.org/public/caseView.do?csIID=69375 (last accessed on August 22, 2023).

Normally, one must exhaust all state remedies before filing a Section 2254 petition with this Court. *See Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir.1994) (denying certain claims on exhaustion principles where claims were not raised on direct appeal to the state's supreme court). But, there is an exception to the exhaustion requirement when there is an inordinate delay in the state court's consideration of a petitioner's habeas claims. *See Ward v. Freeman*, 46 F.3d 1129 at *1 (4th Cir. 1995) (unpublished table decision) ("State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings.").

As the Court noted earlier, Norris filed his PCR application on November 7, 2012, almost eleven years ago. But, consideration of the state's appeal of the PCR court's granting Norris's PCR

application is still pending.  Approximately two years of the delay is attributable to the South Carolina Attorney General, who was responsible for scheduling the initial hearing in this matter. The remaining nine years are attributable to delays by Couch and the South Carolina Court of Appeals.  These inordinate delays are deeply concerning and troubling to the Court as they tend to fray the judicial fabric on which a petitioner such as Norris should be able to rely.

Nevertheless, it appears the appeal may be decided soon.  As the Court stated above, the Court of Appeals granted certiorari on August 19, 2022, and briefing and the record were complete as of February 28, 2023.  According to the Magistrate Judge, Williams "indicates that the state appellate courts move rather quickly once certiorari has been granted and contends that [Norris's] case is now currently and actively before the state appellate courts, indicating [Norris's] state remedies will soon be exhausted." Report at 19 (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted).

As per persuasive legal authority, even though Norris has established that there has been an inordinate delay in the state court's final decision on his PCR application, the Court will, for now, wait for the South Carolina Court of Appeals to render a decision in the matter.  *See e.g., Wallace v. Dragovich*, 143 Fed. Appx. 413, 418 (3rd Cir. 2005) ("Where . . .previously-stalled state proceedings have resumed, we have instructed district courts to stay their consideration of habeas petitions."); *Walker v. Vaughn*, 53 F.3d 609, 614 (3rd Cir. 1995)) (stating that even if a petitioner can show unreasonable delay, a federal court should "stay its hand if there is evidence that the state court action . . . has been reactivated.").

In Norris's objections, he primarily argues that the exhaustion requirement should be set aside in this case based on the inordinate delay.  Except that it appears a decision in his case may be

coming soon, the Court would agree. But, given that "there is evidence that the state court action . . . has been reactivated[,]" the Court will "stay its hand" for now. *Id*. But, as provided below, the Court will revisit this decision each month when Williams files his status report as to the pending appeal.

Norris also quibbles with some of the Magistrate Judge's factual recitations. But, even if Norris is correct, they are of no moment in the Court's decision in this matter.

Additionally, Norris argues he should be released pending the Court of Appeals' decision concerning his PCR application.

To prevail on a motion for release on bail in a habeas case, the appellant must show that his petition presents a substantial constitutional claim upon which he has a high probability of success, and that extraordinary circumstances warrant his release. *See Aronson v. May*, 85 S. Ct. 3, 5 (1964) ("[I]t is . . . necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice."). But, Norris has neglected to demonstrate any such extraordinary circumstances are present here.

For all these reasons, the Court will overrule Norris's objections.

Finally, Norris requests a hearing and the appointment of counsel. But, he fails to offer any factual or legal basis to make the granting of such relief proper. Therefore, the Court will deny the two requests.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Norris's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. It is therefore the judgment of this Court Williams's

motion to dismiss, construed as a motion for summary judgment, Norris's motion for an appeal bond, and Norris's motion for summary judgment are all **DISMISSED WITHOUT PREJUDICE**. Norris's requests for a hearing and for the appointment of counsel are both **DENIED**.

Williams should immediately inform the South Carolina Court of Appeals of the Court's concerns detailed in this Order, as well as the Report.  In doing so, he should provide it a copy of both this Order and the Report, which details those concerns.  He shall file a certification with this Court that he has done so not later than August 30, 2023.

This case is **STAYED** pending further order of the Court.  Not later than the fifteenth day of each month, Williams shall file a status report concerning the appeal of Norris's PCR.  Williams shall also file a status report not later than one day after the Court of Appeals issues its decision in the state's appeal.

.     To the extent Norris moves for a certificate of appealability, such request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 25th day of August, 2023, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Norris is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.